
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HUSSEIN ADEN IBRAHIM,<br><br>              Petitioner-Appellant,<br><br>v.<br><br>SCOTT KERNAN, Secretary, California<br>Department of Corrections and<br>Rehabilitation,<br><br>              Respondent-Appellee. | No. 18-55381<br><br>D.C. No.<br>3:17-cv-0696-BEN<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted August 13, 2019[**]
Pasadena, California

Before: SCHROEDER and GRABER, Circuit Judges, and M. WATSON,[***]
District Judge.

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

    [***]   The Honorable Michael H. Watson, United States District Judge for the Southern District of Ohio, sitting by designation.

Petitioner Hussein Ibrahim is a California state inmate appealing the district court's dismissal of his habeas corpus petition as untimely. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a state prisoner is required to file a federal habeas petition within one year of the date on which the conviction became final, unless the time is tolled by a timely filed state petition. 28 U.S.C. § 2254; 28 U.S.C. § 2244(d)(2).

Petitioner's conviction became final in state court on August 30, 2015. A California state appellate court denied his petition as untimely on December 14, 2016. Thereafter, the California Supreme Court summarily denied his petition on March 29, 2017. Petitioner filed his federal habeas petition on April 5, 2017.

The district court did not err in dismissing the petition as untimely. The district court properly "looked through" the California Supreme Court's summary denial to the last reasoned state court opinion, which had found the petition untimely. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991) ("Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground."); *see also Wilson v. Sellers*, 138 S. Ct. 1188, 1194–95 (2018) (affirming that *Harrington v. Richter*, 562 U.S. 86 (2011) did not abrogate the *Ylst* look-through doctrine). The district court correctly denied the petition.

**AFFIRMED.**